IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **HAYWOOD D. BRADLEY,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-11-1799 |
| **BALTIMORE POLICE DEP'T** *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## <u>MEMORANDUM</u>

### *I. Background*

Plaintiff Haywood D. Bradley sued various individuals and entities, claiming employment discrimination, violation of federal and state civil rights, intentional infliction of emotional distress, negligent retention and/or supervision, civil conspiracy, and tortious interference with prospective advantage. (Compl., ECF No. 1.) All of these causes of action were premised upon allegedly wrongful acts committed against Bradley during the course of his employment as a police officer in the Baltimore Police Department ("BPD"). All Defendants filed motions to dismiss. Previously, this Court granted the motion (ECF No. 19) to dismiss filed by the State of Maryland. (ECF No. 33.) This opinion addresses the motion (ECF No. 15) filed by Mayor Stephanie Rawlings-Blake and City Council of Baltimore (collectively, "the City") and former Mayor Sheila Dixon (collectively, "the City Defendants").[1] Plaintiff's opposition to the motion (ECF No. 27) and the City Defendants' reply (ECF No. 32) have been considered.

---

[1] Bradley's complaint is somewhat confusing in that it names Mayor Stephanie Rawlings-Blake separately in the list of parties, in addition to the City Council of Baltimore. (Compl. ¶¶ 8, 9.) Counsel for the City Defendants has clarified that the proper nomenclature applicable to "the City" is "Mayor and City Council of Baltimore," according to the Charter of Baltimore City, § 1. (City Defs.' Mot. Dismiss Supp. Mem. 3 n.1, ECF No. 15.) Since no allegations are made separately against Rawlings-Blake and the City Council of Baltimore, this Court presumes that any reference in the complaint to either of these parties is intended to refer to the Mayor and City Council of Baltimore as one entity, herein referred to as "the City."

No hearing is required. Local Rule 105.6 (D. Md. 2011). The motion will be construed as a motion to dismiss and will be granted.

## II. *Standard of Dismissal for Failure to State a Claim*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 1950. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555.

## III. *Analysis*

### A. *Federal Claims*

Bradley has asserted various federal claims against the City Defendants: employment discrimination under Title VII (Count I); retaliation under Title VII (Count II)[2]; violation of right to contract under 42 U.S.C. § 1981 (Count III); violation of constitutional and civil rights under 42 U.S.C. § 1983 (Count IV); and conspiracy to deprive him of constitutional rights under 42 U.S.C. § 1985(3) (Count V). These will be addressed in turn and all will be dismissed.

#### 1. *Title VII Claims*

One must be an "employer" within the meaning of Title VII in order to be held liable under that statute. *See Lissau v. Southern Food Service, Inc.*, 159 F.3d 177, 181 (4th Cir. 1998)

---

[2] Although the heading of Count II only refers to the Maryland statute, the body of the count refers to Title VII in addition to the Maryland statute, so this Court is treating Count II as one brought, in part, under Title VII.

("Congress only intended employers to be liable for Title VII violations").  The term is defined in the statute as

> a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . .

42 U.S.C. § 2000e(b).

Bradley has alleged that the Baltimore Police Department is or was his employer.  (Compl. ¶ 5.)  Although Bradley has alleged that the City Defendants are employers for the purposes of Title VII (*id.* ¶¶ 7-9), he has not alleged that he himself was employed by either former Mayor Dixon or the current Mayor and City Council of Baltimore.  Thus, Bradley has failed to satisfy this basic element of his Title VII claims against the City Defendants because he has not alleged that the City Defendants employed him.  As well, even if the complaint could be construed as alleging he was employed by the City Defendants in addition to his being employed by the BPD, Bradley has made no allegations that allow a fair inference of misconduct by the City Defendants regarding the events related in his complaint.

In his opposition to the City Defendants' motion, Bradley seems to argue that the BPD is an agent of the City, which "clearly exercises sufficient control over the Department to be considered an employer as set forth in Title VII."  (Pl.'s Opp. 10, ECF No. 27.)  He cites the cases of *Vanguard Justice Soc. Inc. v. Hughes*, 471 F. Supp. 670 (D. Md. 1979), and *Wilcher v. Curley*, 519 F. Supp. 1 (D. Md. 1981), as supporting the imposition of liability on the City under Title VII.  Neither case is a persuasive foundation for his argument.

In the *Vanguard Justice* case, which focused on hiring and promotion practices in the BPD, another judge of this Court concluded that the City defendants in that case (the Mayor and City Council of Baltimore, the Baltimore Police Commissioner, and the Baltimore City Civil Service Commission's president and two members) exercised or should have exercised sufficient

control over the Department's hiring and promotion practices to qualify as employers within the meaning of Title VII. 471 F. Supp. at 696. The standard enunciated by Judge Kaufman was that "the term 'employer,' as it is used in Title VII, is sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether that party may technically be described as an 'employer' of an aggrieved individual as that term has generally been defined at common law." *Id.* The undersigned does not necessarily disagree with that standard. However, under that standard, the City Defendants do not qualify in this case as employers of Bradley for Title VII purposes. Bradley has made no plausible allegation that the City Defendants affected his access to employment opportunities, significant or otherwise. Nor, in either allegation or argument, has Bradley offered any reason to infer that the City Defendants had any control over any policy, custom, or practice or, specifically, the disciplinary process of the BPD, which is what is at issue in this lawsuit. The conclusion reached in *Vanguard Justice* is not dispositive of Bradley's case.

In *Wilcher*, also decided by Judge Kaufman, two rulings were made regarding the plaintiff's claims under 42 U.S.C. § 1983. The first was that the City, the Department, and the Commissioner were not entitled to Eleventh Amendment immunity because the Department and the Commissioner were sufficiently city-connected so that they should not be considered exclusively state creatures. 519 F. Supp. at 4-5. The second ruling was made on the City's motion for reconsideration and resulted in summary judgment for the City because the uncontested facts showed the City did not exercise sufficient control over the Department to be held liable for the latter's actions. *Id.* at 7-9.[3] Eleventh Amendment immunity, of course, is not relevant to Bradley's Title VII claims because the States have waived their sovereign immunity

---

[3] Bradley, unfortunately, appears to rely upon the portion of Judge Kaufman's original opinion that initially found in Wilcher's favor on the issue of City liability for the actions of the BPD. Upon the City's motion for reconsideration, Judge Kaufman expressly decided this same issue in the City's favor.

to such claims in federal court. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456-57 (1976). The second ruling does not support Bradley's argument and, in fact, contradicts it to the extent that the *Wilcher* case can be interpreted as relating to the City Defendants' control over the BPD for purposes of Title VII. As noted earlier, Bradley has not offered any factual allegations that merit a different outcome.

Another more recent case in this Court decided this issue adversely to the plaintiff. In *Brown v. Baltimore Police Dep't*, Civ. No. RDB-11-00136, 2011 WL 6415366 (D. Md. Dec. 21, 2011), Judge Bennett ruled that, because the City does not exert sufficient control over the BPD to be subject to liability for the latter's actions, the City is not Brown's employer under Title VII. *Id.* at *5. The same conclusion applies to Bradley's case. Accordingly, the City Defendants' motion to dismiss will be granted as to Bradley's Title VII claims in Counts I and II.

### 2. *Claim under 42 U.S.C. § 1981*

In Count III, Bradley has asserted a claim against the City Defendants under the civil rights statute, 42 U.S.C. § 1981, which provides:

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment

The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

No direct cause of action exists under § 1981 against a municipality. The right of action under § 1983 is the exclusive federal damages remedy for violation of rights guaranteed by § 1981 when the claim is pressed against a state actor. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Dennis v. County of Fairfax*, 55 F.3d 151, 156 (4th Cir. 1995). Thus, for Bradley to prevail on his claim of violation of § 1981, he "must show that the violation of his 'right to make contracts' protected by § 1981 was caused by a custom or policy within the meaning of *Monell* [*v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)] and subsequent cases." 491 U.S. at 735-36. A municipal entity may not be held liable under *respondeat superior* but may only be held liable for damage caused by an entity's "lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell*, 436 U.S. at 694. *See also Spell v. McDaniel*, 824 F.2d 1380, 1387 (4th Cir. 1987) ("Because municipal liability results only when the municipality itself can be directly charged with fault for a constitutional violation, it results only when policy or custom as above defined is (1) fairly attributable to the municipality as its 'own,' and is (2) the 'moving force' behind the particular constitutional violation" (citations and footnote omitted)).

Bradley has failed to make plausible allegations to allow a reasonable inference that *Monell*-type liability is imputable to the City Defendants. Nothing in his complaint even remotely supports the notion that a custom or policy of the City Defendants can be blamed for the adverse events he has alleged. In his complaint, Bradley effectively put every defendant in the same boat for liability purposes, but each defendant is entitled to be considered separately from the other defendants, and what may be attributable to one defendant is not necessarily

attributable to other defendants. Bradley has failed to state a claim for relief under § 1981 against the City Defendants, and, accordingly, Count III will be dismissed.

### 3. Claim under 42 U.S.C. § 1983

For the same reason Bradley's complaint is insufficient under § 1981, the Court concludes it is equally insufficient under § 1983. *Accord Brown v. Baltimore Police Dep't*, 2011 WL 6415366, at *6 (dismissing BPD officer's claims under §§ 1981 and 1983 against City because BPD officers are not City employees and City does not exercise control over BPD or its employees); *Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 549-50 (D. Md. 2003) ("Baltimore City, as an entity distinct from the Baltimore Police Department under Maryland law, cannot be liable for the actions of an employee of the Baltimore Police Department [under either § 1983 or Maryland state law]" (citing *Carter v. Mayor and City Council of Baltimore*, 164 F. Supp. 2d 509, 517-19 (D. Md. 2001) ("Baltimore City cannot be regarded as the employer of members of the Baltimore City Police Department" and plaintiff failed to show that policy or custom of City led to deprivation of his constitutional rights), *vacated and remanded on other grounds*, 39 F. App'x 930 (4th Cir. 2002) (unpublished))). *See also Hector v. Weglein*, 558 F. Supp. 194, 199, 204 (D. Md. 1982) (ruling City could not escape liability on Eleventh Amendment grounds because of connections between City and Commissioner and Department, but granting summary judgment for City on § 1983 claim because plaintiff's allegations were "based not on any position officially adopted by the city, but on the alleged acts and/or omissions of the Commissioner which are asserted to reflect City policy"). *But see Humbert v. O'Malley*, Civ. No. WDQ-11-0440, 2011 WL 6019689, at *5 (D. Md. Nov. 29, 2011) (rejecting City's argument it cannot be liable under § 1983 for BPD policies because of "'strong practical links between the City and the [Police] Department'"); *Brown v. Tshamba*, Civ. No. RDB-11-00609, 2011 WL 2935037, at *7 (D. Md. Jul. 18, 2011) (denying City's motion to dismiss § 1983 claim finding

"allegations significant enough that even those individuals removed from the day-to-day operations of the BPD should have known about Officer Tshamba's misconduct"); *Mason v. Mayor and City Council of Baltimore*, Civ. No. HAR-95-41, 1995 WL 168037, at *4 (D. Md. 1995) (denying City's motion to dismiss § 1983 claim because "the City maintains sufficient practical knowledge of and control over the Police Department").[4]

Accordingly, Count IV will be dismissed for failure to state a claim for relief.

### 4. Claim under 42 U.S.C. § 1985(3)

Bradley's next claim is under 42 U.S.C. § 1985(3) for alleged conspiracy to deprive him of equal protection or equal privileges and immunities under the laws. (Compl., Count V.) This, too, will be dismissed for failure to state a claim. Bradley has made only bare allegations that Defendants conspired to deprive him of his constitutional and civil rights. He has not alleged any facts from which this Court can draw a reasonable inference that such a conspiracy occurred, and his conclusions on this point are insufficient to state a claim for relief. Additionally, the essence of Bradley's complaint is employment discrimination. To the extent Count V is premised upon an alleged conspiracy to violate Bradley's Title VII rights, his claim is foreclosed by the Supreme Court's decision in *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366 (1979), which held that deprivation of a right created by Title VII may not be the basis for a cause of action under § 1985(3). *Id.* at 378.

---

[4] These three cases may have merged the analysis as to whether a particular entity should be entitled to Eleventh Amendment immunity under § 1983 with the analysis as to whether the same entity can be held liable under *Monell*. For purposes of this opinion, the undersigned has separated the two analyses. While concluding the City Defendants are not entitled to Eleventh Amendment immunity as to the federal civil rights claims, this Court nevertheless finds the complaint inadequately alleges facts to allow the conclusion that the City Defendants should be held liable under *Monell* and its progeny for any policy or custom that can fairly be described as the moving force behind the claimed constitutional deprivations. The Fourth Circuit was presented with a similar argument in *Wiley v. Mayor and City Council of Baltimore*, 48 F.3d 773 (4th Cir. 1995), but did not pass on its merits because of its disposition of the case otherwise. *Id.* at 776.

### B. State Law Claims

All of Bradley's state law claims against the City Defendants will be dismissed for failure to state a claim for relief. He has not alleged any misconduct specifically by the City Defendants, and "as a matter of Maryland law, no liability ordinarily attaches to Baltimore City under the doctrine of respondeat superior for the torts of Baltimore City police officers acting within the scope of their employment" because employees of the BPD are not employees of the City. *Clea v. Mayor and City Council of Baltimore*, 541 A.2d 1303, 1306 (Md. 1988). *See also Chin*, 241 F. Supp. 2d at 549.

### IV. Conclusion

Bradley's complaint fails to state a claim against the City Defendants on any count. A separate order will issue dismissing former Mayor Dixon and Mayor Rawlings-Blake and the City Council of Baltimore from the case.

DATED this 22nd day of August, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge